Few *vs.* Walton *et al.* ·

1. A levy ''upon the life interest of Mrs. Ann E. Walton in 600 acres of land, more or less, lying in the county of Morgan, adjoining land of J. A. Broughton, J. J. Clack, and others," was not a sufficient description, where there was a body of land from which, by decree, she had been allowed 600 acres.
2. Where arbitrators in a pending case, set apart certain land to a widow and family in lieu of dower, homestead, etc., the part so assigned did not, without more, become a homestead estate.

Levy and sale. Claim. Before Judge Bartlett. Morgan Superior Court. September Term, 1878.

Mrs. Walton, as administratrix of her deceased husband, filed her bill against Poullain, executor, *et al.*, to marshal assets, etc. The matters in controversy were referred to arbitration. The award which, with an amendment, was made the judgment of the court, contained this item :

"We further award and decree that, in discharge of the claims of dower, homestead and other exemptions set up in said bill of complaint, the said Ann E. Walton, the widow of the said I. L. Walton, in writing which is hereto appended, assenting hereto, six hundred acres of land be set apart upon the Little river plantation, as the said Ann E. Walton may select, so as to include the improvements upon said plantation, provided the same shall be laid off in one body. Also, fifteen hundred dollars in money, and all the household and kitchen furniture, to be for the use of said Ann E. Walton and children during her life or widowhood, and at her death or inter-marriage to be equally divided between the children of the former marriage then in being."

Few obtained judgment against Mrs. Walton, and the sheriff made the following entry of levy : " I have this day levied the above *fi. fa.* upon the life interest of Mrs. Ann E. Walton in six hundred acres of land, more or less, lying in the county of Morgan, adjoining lands of J. A. Broughton, J. J. Clack and others."

Mrs. Walton, for herself and children, claimed this land as a homestead. By agreement, all questions of law and fact were submitted to the court without a jury. He dismissed the levy, and plaintiff excepted.

J. H. HOLLAND, by brief, for plaintiff in error, cited Code, §2003 ; const. 1868, art. 7, sec. 1; 41 *Ga.*, 128.

No appearance for defendants.

WARNER, Chief Justice.

This was a claim case and by consent was submitted to the decision of the court both as to the law and the facts without the intervention of a jury. The court, after hearing the evidence and the argument of counsel, dismissed the plaintiff's levy, to which judgment the plaintiff excepted on the following grounds: 1. Because said judgment was contrary to law and the evidence. 2. Because said judgment was strongly and decidedly against the weight of the evidence.

The claimant claimed the land under a judgment upon an award which vested the title in her and her children during her life or widowhood, and at her death or marriage to be equally divided between the children of her former marriage then living. The land was levied on to satisfy a judgment obtained against the claimant for her individual debt, and was levied upon her life interest in the land, without specifying what part of the land she had a life interest in. We affirm the judgment of the court below dismissing the plaintiff's levy, because it was illegal, and not because she had a homestead exemption as against her

own debts, though she may obtain one by complying with the requirements of the law for that purpose.

Let the judgment of the court below, dismissing the plaintiff's levy, be affirmed.